IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 16-cv-02925-RBJ

SULLIVAN FINCH, an individual,

    Plaintiff,

v.

LEE CHI ENTERPRISES CO. LTD. d/b/a Leechi Enterprises Co. LTD. d/b/a Lee Chi
Enterprise Co. LTD. d/b/a Leechi Enterprise Co. LTD. d/b/a Lee Chi Machinery Industry LTD.
Co. d/b/a Leechi Machinery Industry LTD. Co. d/b/a Promax d/b/a Promax USA d/b/a Promax
Components, a foreign company, and
THE CYCLE GROUP d/b/a Cycle Group, Inc., d/b/a Promax d/b/a Promax USA d/b/a Promax
Components, a California Corporation,

    Defendants.

ORDER re DESIGNATION OF NONPARTIES AT FAULT

    On June 21, 2014, Sullivan Finch, then a minor, was injured when the BMX bicycle he was riding in a competition in Weld County, Colorado crashed. He and his father Douglas Finch, who originally brought this action on Sullivan's behalf, believe that the cause of the accident was a failure in the bike's handlebar assembly. Plaintiff asserts product liability claims against Lee Chi Enterprises Co. Ltd. (Lee Chi), a Taiwan-based company alleged to be the manufacturer, wholesaler, designer and distributor of the bike components, and The Cycle Group, a California corporation also alleged to be a manufacturer, wholesaler, designer and distributor of the bike components. Federal jurisdiction is based on diversity of citizenship.

The case is before the Court on Lee Chi's motion for an extension of time to designate non-parties at fault. For reasons that I discuss in this order, the motion is denied.

**FACTS**

A chronology of facts that I find to be relevant to the pending motion, and that are undisputed unless otherwise noted, follows:

1. The accident occurred on June 21 or 22, 2014.

2. Plaintiff's counsel notified The Cycle Group of the accident and that it was allegedly caused by a defective "Promax" stem by letter dated July 24, 2014. *See* ECF No. 49-1.

3. The Cycle Group in turn notified Lee Chi, and by letter dated August 8, 2014. Lee Chi's insurance broker asked plaintiff's counsel for more details concerning the accident. *See* ECF No. 49-2.

4. On June 1, 2016 plaintiff's counsel sent a formal demand letter to The Cycle Group and Lee Chi's insurance broker. ECF No. 49-3 (letter) and 49-4 (UPS delivery confirmation). Counsel included a copy of an engineering report concerning the cause of the accident prepared by Seth W. Bayer, P.E., of Ponderosa Associates Limited dated July 27, 2015 (ECF No. 49-6).

5. This lawsuit was filed on November 30, 2016. ECF No. 1.

6. By letter dated December 11, 2016 plaintiffs notified Lee Chi's Chairman and President, Ah-Pin Lin, of the lawsuit and requested that Lee Chi waive formal service. *See* ECF No. 49-5.

7. The Cycle Group was served on August 18, 2017. *See* ECF No. 24-1.

8. Lee Chi was served with the summons and complaint on November 20, 2017. This was accomplished by the diplomatic method through the United States Department of State. The return of service was filed on May 7, 2018. *See* ECF Nos. 29 and 29-1.

9. On May 9, 2018 plaintiff moved for an order setting Lee Chi's answer date at June 22, 2018, a date that had been agreed between counsel for the plaintiff and The Cycle Group to allow additional time for the defendants to determine whether the same counsel would be representing both defendants. ECF No. 30. The motion was granted. ECF No. 31.

10. Both parties state that Lee Chi's counsel entered their appearance on May 22, 2018. *See* ECF Nos. 48 at 2, ¶4 and 49 at 3, ¶6. However, there is no formal entry of appearance in ECF.

11. On June 22, 2018 both defendants filed answers to the complaint through separate counsel. ECF Nos. 32 (The Cycle Group) and 33 (Lee Chi).

12. On July 30, 2018 counsel participated in the Rule 26(f) meeting. *See* ECF No. 38 at 6, ¶6.a.

13. On August 10, 2018 the parties filed a proposed scheduling order. ECF No. 35.

14. On or about August 13, 2018 the parties exchanged Rule 26 disclosures. *See* ECF No. 38 at 6, ¶6.c.

15. On August 22, 2018 the Court conducted an Initial Scheduling Conference and issued its Scheduling Order. *See* ECF Nos. 38-40.

16. On December 3, 2018 the pending motion seeking an extension of the date to designate non-parties at fault was filed. ECF No. 48. Lee Chi seeks an extension until 21 days after the Court rules on its motion.

## ANALYSIS and CONCLUSIONS

Colorado law permits the finder of fact to assign a portion of the liability for an injury to an individual or entity not named as a party in certain circumstances. As pertinent to the present case the stature provides:

> Negligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary.

Colo. Rev. Statute § 13-21-111.5(3)(b).

In this case the action was commenced on November 30, 2016. The 90-day period for giving notice of a nonparty at fault expired on February 28, 2017. But Lee Chi had not yet been served and would not be served for another nine months. I would not expect a defendant to file a notice of a nonparty at fault before being served. Nor would I ordinarily expect a defendant to file a notice of nonparty at fault immediately upon being served. It typically would take some time to retain counsel, to conduct an initial investigation, and to determine if there were any nonparties as to whom a notice could be given with a good faith basis in fact and law.

In this case, however, the context is relevant. Lee Chi and its insurance broker were notified of the accident and potential claim more than three years before Lee Chi was formally served. Lee Chi's insurance broker, and presumably Lee Chi, had received a detailed demand letter from plaintiff's counsel, accompanied by a more detailed engineer's report, approximately 18 months before Lee Chi was served. The lawsuit was filed approximately one year before Lee Chi was served. Lee Chi was notified of the lawsuit shortly after it was filed and was asked to waive service. I do not fault Lee Chi for declining to waive service and insisting on formal

4

service through diplomatic channels. That was its right. The fact remains, however, that during all this time Lee Chi and its insurer had an opportunity to investigate the claim.

Service was accomplished on November 20, 2017. But more than another year went by before Lee Chi filed the pending motion for an extension of time to designate nonparties at fault. During that year Lee Chi retained counsel, evidently in May 2018; filed an answer to the Complaint, in June 2018; and exchanged Rule 26(f) disclosures and participated in an Initial Scheduling Conference, in August 2018. All those things, indeed every event listed *supra* at 2-3, ¶¶3-15, took place more than 90 days before the pending motion was filed.

Lee Chi's motion informs the Court that Lee Chi's "agents, employees and/or representatives all speak the Mandarin language," and it reminds the Court of the time difference between Colorado and Taiwan. ECF No. 48 at 3, ¶¶4, 8; ECF No. 51 at 2-3, ¶¶6-7. I do not doubt that those factors have rendered communication somewhat more difficult. I likewise will accept the representation that it is not always easy to find Mandarin interpreters in Colorado. However, Lee Chi has not shown or even asserted that its people who communicate with counsel are neither conversant in English nor able to obtain suitable interpretation and translation assistance on their end. I will not simply assume that of a company doing international business in the 21st Century. In any event, I have no basis to find that the language or the time barriers account for the extent of the delay.

I do not agree with defendant's assertion that because Lee Chi was not represented by counsel until May 2018, it "could not begin investigating Plaintiff's claims and defenses and become aware of potential nonparties at fault until then." *Id.* at 4, ¶10. Lee Chi was aware of the accident and that a claim was likely to be made for nearly four years before May 2018. Lee Chi

5

had no obligation to give notice of nonparties before it was served, and it might not have been aware of the nonparty at fault procedure before it retained counsel, but it is unreasonable to suggest that Lee Chi had no opportunity to investigate the potential claim, including whether there might be other persons or entities at fault, during that prolonged period.

Moreover, at least by June 2016 Lee Chi had received a formal demand letter accompanied by an engineering report that described plaintiff's claim in detail. If Lee Chi chose to do nothing to investigate the claim and whether others might have been wholly or partially at fault for the next two years, that was a choice, not an absence of opportunity. After Lee Chi was served approximately five more months passed before it retained counsel.[1] And once it had counsel, another seven months passed before the pending motion was filed. Even then, it sought an extension of 21 days after the Court ruled on its motion.

In its motion Lee Chi vaguely states, "Lee Chi's investigation of Plaintiff's claims has revealed [that] one or more nonparties may be wholly or partially at fault for Plaintiff's alleged injuries and/or damages." ECF No. 48 at 4, ¶11. In its reply brief, filed January 3, 2019, it asserts that the injured boy's father, Douglas Finch; the boy's brother, Walker Finch; the manager of the BMX team for whom the boy was competing, Douglas Long; and "unknown personnel" of the BMX team "may have improperly provided or installed the stem and clamp assembly that Plaintiff alleges was defective." ECF No. 51 at 4, ¶9. Lee Chi provided essentially the same list, "upon information and belief," in interrogatory answers served November 19, 2018. *See* ECF No. 51-1 at 7-8. It is not indicated how or when Lee Chi acquired

---

[1] Lee Chi represents that because of the "delay inherent in diplomatic service of process, Plaintiff and the Court were not informed of service until May 7, 2018," after which counsel "began diligently working to defend Lee Chi." ECF No. 48 at 4, ¶7. This does not tell us when Lee Chi became aware that it had been served or when it contacted counsel.

that "information." Significantly, however, the fact that it was the boy's father, Douglas Finch (said to be an experienced bicycle mechanic), who installed the handle bar stem, mounting screws and clamp was disclosed in the expert report that was provided to Lee Chi and its insurance broker in June 2016. *See* ECF No. 49-6 at 2-3. Moreover, a list of individuals who "may have" done something negligent "upon information and belief" falls short of a good faith basis to accuse the listed persons of being nonparties at fault.

The statute permits the Court to extend the ninety-day deadline if it "determines that a longer period is necessary." Colo. Rev. Stat. § 13-21-111.5(3)(b). In other words, there must be good cause for the extension. *See Redden v. SCI Colorado Funeral Services,* 38 P.3d 75, 84 (Colo. 2001). "The burden of showing the necessity of a longer period for designating nonparties at fault logically falls on Defendant." *Burgess v. Delta Airlines, Inc.,* No. 10-cv-00927-LTB-CBS, 2011 WL 1597961, *3 (April 28, 2011). I find that Lee Chi has not met that burden. Rather, as Magistrate Shaffer found in *Burgess,* "[e]ssentially, Defendant would have the court read the word "necessary" out of the pro rata liability statute." *Id.* at *4.[2]

## ORDER

For the forgoing reasons defendant Lee Chi's motion for an extension of time to designate nonparties at fault, ECF No. 48, is DENIED.

DATED this 28th day of February, 2019.

---

[2] In *Redden* the Court cited *Craig v. Rider*, 651 P.2d 397, 334-35 (Colo. 1982) which adopted a three-pronged test for determining good cause when considering whether to reopen a default judgment: (1) was defendant's neglect excusable; (2) did the defendant allege a meritorious defense; and (3) would relief from the challenged order be consistent with equitable considerations. 38 P.3d at 84. Adapting those factors to the present motion I find that Lee Chi has not shown that the extent of the delay here was excusable. I cannot determine whether Lee Chi might have a meritorious basis to assert pro rata liability against any of the individuals identified in its reply brief. I do not find it would be equitable to grant the requested extension.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge